IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-373-D

| | |
|---|---|
| WORLDWIDE LANGUAGE RESOURCES, INC., ) ) ) Plaintiff, ) ) v. ) ) MISSION ESSENTIAL PERSONNEL, ) LLC, et al., ) ) Defendants. ) | **ORDER** |

On October 8, 2008, the court held a hearing concerning all pending motions. For the reasons stated in open court and incorporated herein by reference, the court grants in part and denies in part defendant Mission Essential Personnel, LLC's ("MEP") motion to dismiss for lack of personal jurisdiction [D.E. 5]. The court finds and concludes that this court lacks general jurisdiction over MEP.

As for specific jurisdiction, the court finds and concludes that it has specific jurisdiction over plaintiff's tortiuous interference with economic advantage claim (i.e., count 5), plaintiff's unfair and deceptive trade practices claim (i.e., count 2) as it relates to the facts underlying the alleged events in North Carolina concerning the tortiuous interference and raiding scheme, and plaintiff's unfair competition claim (i.e., count 3) as it relates to the facts underlying the events in North Carolina concerning the tortiuous interference and raiding scheme. The alleged events in North Carolina concerning the tortiuous interference and raiding scheme are described in the complaint at paragraphs 38–50.

As for plaintiff's tortiuous interference with contract claim (i.e., count 4), the court finds and concludes that it lacks specific jurisdiction over this claim. This claim concerns an alleged

tortiuous interference with a contract between plaintiff and defendant Ruzgani. See Compl. ¶¶ 89–94. The alleged tortiuous interference with Ruzgani's contract took place in Afghanistan and is distinct from any alleged tortiuous interference and raiding scheme in North Carolina. See Compl. ¶¶ 38–50. Further, to the extent plaintiff's unfair and deceptive trade practices claim (i.e., count 2) and unfair competition claim (i.e., count 3) relate to the alleged tortiuous interference with a contract between plaintiff and defendant Ruzgani, the court lacks specific jurisdiction over such claims.

As for pendent personal jurisdiction, the court has considered whether to exercise pendent personal jurisdiction over count 4 against MEP and counts 2 and 3 against MEP as those claims relate to the alleged tortiuous interference with Ruzgani's contract. In its discretion, the court finds and concludes that exercising pendent personal jurisdiction over these claims would not be appropriate. These claims arise from a distinct set of operative facts than the alleged events in North Carolina concerning the tortiuous interference and raiding scheme.

Finally, for the reasons stated in open court and incorporated herein by reference, the court denies plaintiff's motion for a preliminary injunction [D.E. 20].

SO ORDERED. This _9_ day of October 2008.

                                        JAMES C. DEVER III
                                        United States District Judge